IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEIRDRA BURGESS,<br><br>    Plaintiff,<br><br>vs.<br><br>GLOBAL CLEAN ENERGY HOLDINGS, INC., a Utah Corporation and successor to MEDICAL DISCOVERIES, INC., an expired Utah Corporation, and DOES 1-10,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND ORDERING AMENDMENT<br><br><br><br>Case No. 2:11-CV-682 TS |

This matter is before the Court on Defendant Global Clean's Motion to Dismiss. Global Clean asks the Court to dismiss Plaintiff's Complaint under Rule 12(b)(6). The Court will grant the motion to dismiss Plaintiff's Complaint, without prejudice to the filing of an amended complaint.

I. BACKGROUND

Plaintiff Deirdra Burgess was an employee of Medical Discoveries Inc. ("MDI"). Burgess alleges that MDI failed to pay her $80,000 in wages while employed. MDI merged with Defendant Global Clean Energy Holdings ("Global"). After the merger, Burgess continued to be

employed by Global. Burgess alleges that Global assumed the $80,000 debt as a condition of her continued employment, and that Global has since failed to pay the debt.

Burgess filed suit in state court against Global in pursuit of the $80,000 allegedly owed. The suit was removed to this Court by Global. Global now moves to dismiss Burgess's complaint for failure to state a claim on which relief can be granted.

## II. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[1] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face"[2] and the court is not required to accept "conclusory allegations without supporting factual averments."[3] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[4] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" to survive a motion to dismiss.[5] As the Tenth Circuit stated:

> [T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the

---

[1] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[4] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[5] *Twombly*, 550 U.S. at 570.

court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.[6]

The Supreme Court provided greater explanation of the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[7] In *Iqbal*, the Court reiterated that while Fed.R.Civ.P. 8 does not require detailed factual allegations, it nonetheless requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[8] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[9] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[10]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions

---

[6]*The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[7]129 S.Ct. 1937 (2009).

[8]*Id*. at 1949 (citing *Twombley*, 550 U.S. at 555).

[9]*Id*. (quoting *Twombly*, 550 U.S. at 555).

[10]*Id*. (quoting *Twombly*, 550 U.S. at 557).

can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[11]

## III. DISCUSSION

Burgess alleges that MDI owed her $80,000, that Global assumed the debt and promised to pay it, and that Plaintiff has never been paid. Burgess's statements of fact relating to these allegations are unsupported and conclusory. To support the contention that MDI owed her money, Burgess offers only the following statement: "During the time she worked for MDI, MDI failed to pay Dee Burgess wages owed to her in the approximate amount of $80,000."[12] Burgess does not explain how the debt was incurred. Nor does she attach or reference documents that indicate to the Court that the existence of the debt is plausible. Similarly, to support the claim that Global assumed the debt, Plaintiff simply states that "[a]fter the merger, Global also employed Dee Burgess. Among the terms and conditions of Dee Burgess's employment was Global's promise to Dee Burgess that Global would promptly pay the wages owed by MDI to Dee Burgess, which obligation had been assumed by Global."[13] These statements of "fact" are exactly the kind of "naked assertion[s] devoid of further factual enhancement" that Rule 8 seeks to avoid. Accordingly, the Court finds that the complaint fails to state a claim on which relief can be granted and must be dismissed.[14]

---

[11] *Id*. at 1949-50 (alteration in original) (internal quotation marks and citations omitted).

[12] Docket No. 1 Ex. B, at 2.

[13] *Id.*

[14] In response to Defendant's contention that Plaintiff has not met the pleading standard, Plaintiff cites to and explains Utah law interpreting the Utah Rules of Civil Procedure. Though this case was originally filed in state court, Fed.R.Civ.P. 81(c) is clear: "[the Federal Rules] apply to a civil action after it is removed from a state court." Thus, the Court must apply the Rule 8

However, the Court notes that Plaintiff, in its opposition to the Motion to Dismiss, has attached exhibits and set forth additional factual matter pertaining to the claims alleged in the Complaint. Without deciding the issue, the Court notes that this material may provide sufficient facts to remedy the Complaint's deficiencies. Accordingly, the Court will grant Plaintiff leave to file an amended complaint within twenty-one days of the issuance of this order.

IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 5) is GRANTED. Plaintiff is instructed to submit an amended complaint within twenty-one days of this Order.

DATED November 14, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

pleading standards despite the fact that a different standard may have applied when the complaint was drafted. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210 (10th Cir. 2007) (analyzing a complaint filed in state court under the federal pleading standards).