IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEIRDRA BURGESS,<br><br>    Plaintiff,<br><br>vs.<br><br>GLOBAL CLEAN ENERGY HOLDINGS, INC., a Utah Corporation and successor to MEDICAL DISCOVERIES, INC., an expired Utah Corporation, and DOES 1-10,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br><br><br>Case No. 2:11-CV-682 TS |

    This matter is before the Court on Defendant Global Clean Energy Holding, Inc.'s Motion to Dismiss First Amended Complaint. The Court previously dismissed Plaintiff's Complaint under Rule 12(b)(6) and ordered an amended complaint. Plaintiff filed her amended complaint, which Defendant now asks the Court to dismiss under Rule 12(b)(6).

I.  BACKGROUND

    Plaintiff Deirdra Burgess was an employee of Medical Discoveries Inc. ("MDI"). Burgess alleges that MDI failed to pay her $77,750 in wages while employed. MDI allegedly merged with Defendant Global Clean Energy Holdings, Inc. ("Global") in July, 2007, after which

MDI became an expired Utah Corporation. After the merger, Burgess was employed by Global. Burgess alleges that Global assumed the $77,750 debt as a condition of her continued employment and that Global has since failed to pay the debt.

Burgess first filed suit in state court against Global on July 13, 2010. A copy of the complaint was sent to Global's CFO at that time, but was never formally served. Plaintiff's original complaint "was voluntarily dismissed without prejudice, with no finding or judgment on the merits, on June 28, 2011," as it had not been served. That same day, Plaintiff filed a new complaint on the same claims. The suit was removed to this Court by Global, and Global filed a Motion to Dismiss under Rule 12(b)(6) soon thereafter. On November 14, 2012, the Court dismissed Plaintiff's Complaint and ordered that she file an Amended Complaint. On December 4, 2011, Plaintiff filed her Amended Complaint, which Global now seeks to dismiss.

## II. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face"[2] and the court is not required to accept "conclusory allegations without supporting factual averments."[3] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief

---

[1] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

may be granted."[4] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" to survive a motion to dismiss.[5] As the Tenth Circuit stated:

> [T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.[6]

The Supreme Court provided greater explanation of the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[7] In *Iqbal*, the Court reiterated that while Fed.R.Civ.P. 8 does not require detailed factual allegations, it nonetheless requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[8] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[9] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[10]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks

---

[4]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[5]*Twombly*, 550 U.S. at 570.

[6]*The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[7]129 S. Ct. 1937 (2009).

[8]*Id*. at 1949 (citing *Twombly*, 550 U.S. at 555).

[9]*Id*. (quoting *Twombly*, 550 U.S. at 555).

[10]*Id*. (quoting *Twombly*, 550 U.S. at 557).

a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[11]

### III. STATUTE OF LIMITATIONS

Defendant argues that Plaintiff's three claims fail in that each is barred by the statute of limitations. With respect to all three claims, there is a dispute over what filing date applies for statute of limitations purposes. Plaintiff argues that the applicable date should be July 12, 2010, as her original Complaint was voluntarily dismissed, which she argues constitutes failure in the action "otherwise than upon the merits" under Utah Code Annotated § 78B-2-111.[12] Defendant argues that, as Plaintiff's Complaint "was voluntarily dismissed by the Plaintiff herself," it did not fail, the savings statute does not apply, and the applicable date for statute of limitations purposes is June 28, 2011.[13]

Section 78B-2-111 states:

---

[11] *Id*. at 1949-50 (alteration in original) (internal quotation marks and citations omitted).

[12] Plaintiff cites to Utah Code Ann. § 78-12-40, which was renumbered in 2008.

[13] Docket No. 19, at 13.

a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[11]

### III. STATUTE OF LIMITATIONS

Defendant argues that Plaintiff's three claims fail in that each is barred by the statute of limitations. With respect to all three claims, there is a dispute over what filing date applies for statute of limitations purposes. Plaintiff argues that the applicable date should be July 12, 2010, as her original Complaint was voluntarily dismissed, which she argues constitutes failure in the action "otherwise than upon the merits" under Utah Code Annotated § 78B-2-111.[12] Defendant argues that, as Plaintiff's Complaint "was voluntarily dismissed by the Plaintiff herself," it did not fail, the savings statute does not apply, and the applicable date for statute of limitations purposes is June 28, 2011.[13]

Section 78B-2-111 states:

---

[11] *Id*. at 1949-50 (alteration in original) (internal quotation marks and citations omitted).

[12] Plaintiff cites to Utah Code Ann. § 78-12-40, which was renumbered in 2008.

[13] Docket No. 19, at 13.

> If any action is timely filed and the judgment for the plaintiff is reversed, or if the plaintiff fails in the action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the action has expired, the plaintiff . . . may commence a new action within one year after the reversal or failure.

The Utah Supreme Court has held that a plaintiff's voluntary dismissal of the action is a failure on the merits within the meaning of the savings statute.[14] Therefore, the filing date for statute of limitations purposes is July 12, 2010.

## IV.  UNPAID WAGES

Plaintiff's first claim is for unpaid wages.  Defendant argues that the Utah Payment of Wages Act ("UPWA") does not provide a private right of action for unpaid wages, and therefore Plaintiff's first claim should be dismissed for failure to state a claim.  Plaintiff argues that the UPWA is not the exclusive remedy for claims for unpaid wages; however, she does not indicate statutory language or Utah case law providing for such a claim.

This Court has repeatedly held that there is no private right of action under the UPWA.[15] Furthermore, while a plaintiff could receive unpaid wages when prevailing on a claim, it would be as a form of relief rather than a cause of action.  The Court will therefore dismiss Plaintiff's claim for unpaid wages, but consider the allegations to the extent that they support a claim for the *remedy* of unpaid wages, if Plaintiff prevails on a separate claim.

## V.  BREACH OF CONTRACT

Plaintiff's second claim is for breach of contract.  Burgess alleges that MDI owed her $77,750 in unpaid wages, that "MDI was merged with Defendant Global at or about the end of

---

[14]*Luke v. Bennion*, 106 P. 712, 714-15 (Utah 1908).

[15]*See, e.g.*, *Sell v. Hertz Corp.*, 746 F. Supp. 2d 1206, 1212 (D. Utah 2010).

July, 2007, in which merger Global assumed the debts, liabilities and obligations of MDI, including the obligation to pay Dee Burgess the wages owed by MDI to Dee Burgess,"[16] and that Plaintiff has never been paid that amount. Plaintiff worked for Global after the merger.

To support the contention that MDI owed her money, Burgess alleges that, after the July 2007 merger, David Walker—MDI's former chairman of the board of directors—"became the chairman of the board of Global. In the capacity of Global's chairman of the board, and on its behalf, David Walker promised verbally to Dee Burgess that Global would pay Dee Burgess the full amount of the $77,750 owed to her."[17] Plaintiff also alleges that she signed a settlement agreement, which she concedes was never signed and returned by Walker. However, Walker did state that a 60% settlement "should be the minimum," that "[he] still plan[ned] to pay [her] in full," and that his intent was to pay her as much of the $78,000 that he could, if not the entire amount. Finally, Plaintiff attached an exhibit to her Complaint wherein Bruce Nelson, Global's CFO, proposes a settlement to Plaintiff for $7,500 and implies that Global owes a debt to Plaintiff.[18]

Defendant argues that Plaintiff's breach of contract claim should be dismissed because there is no writing by which Global assumes MDI's debt that satisfies the statute of frauds. However, under Utah successor liability law:

> where one company sells or otherwise transfers all its assets to another company, the purchaser is liable for the seller's debts and liabilities if:

---

[16]Docket No. 17, at 5.

[17]*Id.*

[18]Docket No. 17 Ex. 11, at 2.

> (1) the purchaser expressly or impliedly agrees to assume such debts; (2) the transaction amounts to a consolidation or merger of the seller and purchaser; (3) the purchasing corporation is merely a continuation of the selling corporation; or (4) the transaction is entered into [by the seller and the purchaser] fraudulently in order to escape liability for such debts.[19]

Plaintiff has alleged that Global and MDI merged in late July 2007, and has made other allegations regarding the parties' conduct that support her allegation of merger. Accepting these allegations as true and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has pled sufficiently detailed facts to support a claim that Global is liable for MDI's debts and liabilities under Utah successor liability law due to a merger of the companies. Therefore, the statute of frauds is not applicable to this issue. Defendant also argues that Plaintiff's breach of contract claim is time barred by the statute of limitations, arguing that a four-year statute of limitations applies and Plaintiff "had until May 30, 2011 to bring her claim." As stated above, the filing date for statute of limitations purposes is July 12, 2010. Therefore, the Court will deny Defendant's Motion with respect to Plaintiff's breach of contract claim.

## VI.  UNJUST ENRICHMENT

Plaintiff's third claim is for unjust enrichment. Defendant argues that this claim should be dismissed as 1) Plaintiff has articulated a claim for unjust enrichment only against MDI and not Global and 2) Plaintiff needed to file her claim under May 20, 2011, under the statute of limitations.

As set forth above, Plaintiff has pled sufficient facts to support a claim that Global merged with MDI and is thus liable for MDI's debts and liabilities. Therefore, as Plaintiff has alleged a claim against MDI and has alleged that Global is liable for such a claim, Plaintiff has

---

[19]*Macris & Assocs., Inc. v. Neways, Inc.*, 60 P.3d 1176, 1180 (Utah Ct. App. 2002).

properly stated a claim for which relief could be granted. Furthermore, as per the savings statute, Plaintiff's Complaint is considered filed before the statute of limitations had run. Therefore, the Court will deny Defendant's Motion with respect to Plaintiff's third claim.

## VII. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 18) is GRANTED IN PART AND DENIED IN PART.

DATED   April 23, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge